UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LA VERNE RUSSEL HALLSTED, III, | CASE NO. 3:24-cv-06027-BHS |
| Plaintiff, | ORDER |
| v. | |
| THE STANDARD FIRE INSURANCE COMPANY, | |
| Defendant. | |

THIS MATTER is before the Court on defendant Standard Fire Insurance Company's motion for summary judgment. Dkt. 23. In November 2024, Plaintiff Hallsted sued Standard Fire in Kitsap County Superior Court, seeking UIM benefits after he was rear-ended by an underinsured motorist. Dkt. 1-3. He also asserts five extra-contractual bad faith, Consumer Protection Act and Insurance Fair Conduct Act claims. *Id*. Standard Fire removed the case here based on diversity of citizenship. Dkt. 1.

On March 11, 2026, Standard Fire moved for summary judgment on all of Hallstead's claims, including his claim that Standard Fire breached its policy by failing to pay his UIM benefits. Dkt. 23. On March 20, Standard Fire filed a stipulated motion to

ORDER - 1

dismiss his extra contractual claims, noted for April 17.[1] Dkt. 26. Hallsted's breach of contract claim, and Standard Fire's summary judgment motion on that claim, remain pending.

Under LCR 7(d)(4), Hallsted's response to the summary judgment motion was due 21 days after the motion was filed, or April 2. Under LCR 7(b)(2), "except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

Hallsted has not responded to Standard Fire's summary judgment motion. That motion argues that Hallsted seeks UIM benefits under his contract with Standard Fire for treatment and damages that was not related to the accident. Dkt. 23 at 27 (citing its own expert's independent medical record review, Dkt. 25-2). Standard Fire's expert opines that the post-accident infection of which Hallsted complains is "not related" to the accident. Dkt. 25-2 at 11.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact

[1] Under LCR 7(d)(1), stipulated motions are "same day" motions, properly noted for consideration on the day they are filed.

ORDER - 2

exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party bears the initial burden of showing that there is no evidence that supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

Hallsted has the burden of proving that Standard Fire breached its insurance contract with him, and that he was damaged as the result. The only evidence before the Court is defense expert Dr. Ehni's opinion that the later infection for which Hallsted seeks UIM benefits was not related to or caused by the accident. Even viewed in the light most favorable to Hallsted, the evidence does not support the inference that his infection was caused by the accident. There is no evidence that Standard Fire breached its contract.

Standard Fire's motion for summary judgment, Dkt. 23, on Hallstead's breach of contract claim is **GRANTED**, and that claim is **DISMISSED** with prejudice. Based on the parties' stipulation, Dkt. 26, Hallsted's remaining extra-contractual claims are **DISMISSED** with prejudice.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4